IN THE MATTER OF DOCUMENTING THE
MARRIAGE: ELLEN M. SLIM AND TOM SLIM, Deceased.

Honorable Marie F. Neswood, Judge presiding.

This is a sad case involving the validity of the marriage of Ellen M. Slim to Tom Slim.

The testimony and exhibits show that Ellen M. Slim was married to Tom Slim in a traditional Navajo basket ceremony on October 3, 1959, and they lived together as husband and wife until Tom Slim's death on July 12, 1978. The couple were recognized as man and wife by their community. A search of the records of Tom Slim indicates a prior marriage to Marie Slim, and there is no record of a divorce from her.

Navajo law is clear that even a prior custom marriage can only be terminated by a divorce. In the Matter of Slowman, 1 Navajo R. 142, 143 (1977).

Conceding there must be a divorce prior to remarriage, the question was raised as to the validity of a Navajo traditional divorce. That is, in Navajo tradition there is a means of customary divorce, as there is for customary marriage. Indian custom divorce is recognized under United States law if it is permitted by the law of the Indian Nation involved. See, "Powers of Indian Tribes," 55 Decisions of the Department of the Interior 14, 40-42 (Solicitor's Opinion, 1934).

9 NTC Sec. 407 provides:

> "No person, married by Tribal custom, who claims to have been divorced shall be free to remarry until a certificate of divorce has been issued by the Courts of the Navajo Tribe."

This statute was enacted in 1940, and it is a clear prohibition of the traditional divorce. The Navajo Tribal Council has the authority to override Navajo custom and tradition by statute, and that is exactly what it did here in outlawing traditional divorce.

It is unfortunate this Navajo woman will be denied the court's confirmation of the validity of her marriage, which would have been valid under Navajo law but for the prior marriage. The misfortune of the situation is made worse by the fact that there was close to twenty years of a husband and wife relationship, but the law is intended to protect families and make the community aware of proper marriages and it must be applied.

Given the clear law applicable to this case, this court has no choice but to enter the following JUDGMENT:

The above-captioned case is hereby DISMISSED for failure to establish a valid marriage.